## Case No. 1,249.

### BELL v. DAVIS et al.

[3 Cranch, C. C. 4.] [1]

Circuit Court, District of Columbia. Dec. Term, 1826.

PLEADING—AMENDMENT—EVIDENCE—ADMISSIONS IN PLEADING—ACCOUNT.

1. When some of the defendants have been taken, and others not arrested, the plaintiff may amend his declaration at the trial term, in that respect, as a matter of right, and such amendments will not authorize the defendants to plead the statute of limitations.
[See Brooklyn White-Lead Co. v. Pierce, Case No. 1,940; Tobey v. Claflin, Id. 14,-066.]

2. If the defendant reads the credit side of the account, filed by the plaintiff as part of his

declaration, he thereby makes the whole account evidence for the plaintiff.
[Cited in Griffin v. Jeffers, Case No. 5,817. See, also, Bell v. Davidson, Id. 1,248.]

[At law. Action by Charles Bell against Davis, Cokenderfer and others for services rendered.]

This was an action for services rendered by the plaintiff to the defendant, in transporting the United States mail between Washington and Georgetown. Some of the defendants, at the trial term, had not been arrested, and Mr. Wallach, for the plaintiff, amended his declaration according to the common practice, by stating that fact; whereupon Mr. Key, for the defendants, offered to plead the statute of limitations, upon the ground of such amendment. But THE COURT (THRUSTON, Circuit Judge, absent) refused the plea, saying that it was a matter of right to amend the declaration in that respect.

It appeared in evidence that Mr. Burgess, one of the defendants, came into the concern in January, 1822, but the plaintiff's account included services rendered before that date, and for which that defendant was not liable, whereupon Mr. Key, for the defendants, prayed the court to instruct the jury that the plaintiff could not recover any part of his account prior to that date; and that all payments made since that date are to be applied to the discharge of what became due after that date. THE COURT, however, refused to give that instruction, but instructed them, that as the only evidence of the said payments was the plaintiff's account filed with and as part of his declaration, the whole account is to be received and read in evidence to the jury, as well in regard to what makes for the plaintiff, as to what makes for the defendant, but that the plaintiff cannot, in this action, recover for his services prior to the time when the defendant Burgess became a copartner with the other defendants; and that the jury are to decide, from the whole evidence before them, whether the payments credited in the said account were made on account of services rendered by the plaintiff or after the defendant Burgess became a copartner in the concern.