15-1442
Lin v. Whitaker

BIA
Vomacka, IJ
A088 782 781

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand nineteen.

PRESENT:
JON O. NEWMAN,
DENNIS JACOBS,
PIERRE N. LEVAL,
*Circuit Judges.*
_____

HUIZHEN LIN,
*Petitioner,*

v.                                          15-1442
NAC

MATTHEW G. WHITAKER, ACTING
UNITED STATES ATTORNEY GENERAL,
*Respondent.*
_____

FOR PETITIONER:        Gang Zhou, New York, New York.

FOR RESPONDENT:        Benjamin C. Mizer, Principal
                       Assistant Deputy Attorney General;
                       Jesse M. Bless, Senior Litigation
                       Counsel; Colette J. Winston, Trial
                       Attorney, Office of Immigration

Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Huizhen Lin, a native and citizen of the People's Republic of China, seeks review of an April 20, 2015, decision of the BIA affirming the April 12, 2013, decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Huizhen Lin*, No. A088 782 781 (B.I.A. Apr. 20, 2015), *aff'g* No. A088 782 781 (Immig. Ct. N.Y. City Apr. 12, 2013). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances, we have reviewed both the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008).

2
07152016-9

Lin asserted a fear of future persecution on account of the births of her children in the United States in violation of China's population control program and her religion.

For largely the same reasons as this Court set forth in *Jian Hui Shao*, we find no error in the agency's determination that Lin failed to demonstrate a well-founded fear of persecution based on her purported violation of China's population control program. See *Jian Hui Shao*, 546 F.3d at 158-72. And the agency did not err in finding that Lin failed to demonstrate a well-founded fear of persecution on account of her religion because she did not submit evidence that Chinese authorities are aware or likely to become aware of her religious practice. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008).

The agency's determination that Lin failed to demonstrate a well-founded fear of persecution is dispositive of asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Accordingly, we do not consider the agency's alternative basis (credibility) for denying relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies

3

are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk

4