Jiang v. Garland

BIA
Loprest, IJ
A205 436 949

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of August, two thousand twenty-two.

PRESENT:
> **RICHARD J. SULLIVAN,**
> **EUNICE C. LEE,**
> **MYRNA PÉREZ,**
> *Circuit Judges.*

_____

**LING JIANG,**
> *Petitioner,*

> **v.**                                        **20-977**
>                                               **NAC**

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**
> *Respondent.*

_____

FOR PETITIONER:           Vlad Kuzmin, Kuzmin & Assocs., P.C., New York, NY.

FOR RESPONDENT:           John V. Coghlan, Deputy Assistant Attorney General; Jessica A. Dawgert, Senior Litigation Counsel; Jacob A. Bashyrov, Trial Attorney, Office of Immigration

Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.*

Petitioner Ling Jiang, a native and citizen of the People's Republic of China, seeks review of a March 5, 2020, decision of the BIA affirming an April 25, 2018, decision of an Immigration Judge ("IJ") denying Jiang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ling Jiang,* No. A205-436-949 (B.I.A. Mar. 5, 2020), *aff'g* No. A 205-436-949 (Immig. Ct. N.Y. City Apr. 25, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's

---

* Judge Sullivan would deny the petition for review in light of the "particular deference" owed to the credibility findings made by an Immigration Judge, who "has the unique advantage among all officials involved in the process of having heard directly from the applicant." *Li v. INS*, 453 F.3d 129, 135–36 (2d Cir. 2006) (internal quotation marks omitted); *see also Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (noting the "particular weight" we afford to "the IJ's assessment of [a] petitioner's *demeanor*," and "underscor[ing] the general significance of such assessments to credibility findings" (emphasis added)). He therefore respectfully dissents.

decision as modified by the BIA, i.e., minus the IJ's timeliness finding that the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination under substantial evidence standard).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). Although "[w]e defer . . . to an IJ's credibility determination unless, . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling," *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008), we remand when, as here,

3

there are errors in the findings underlying the adverse credibility determination and we are not "confident that the agency would reach the same result upon a reconsideration cleansed of errors," *Gurung v. Barr*, 929 F.3d 56, 62 (2d Cir. 2019) (quotation marks omitted).

The IJ found that Jiang was not credible as to his claim that he was detained and beaten for practicing Christianity in China. The IJ found that Jiang gave the impression that his testimony was memorized because (1) he became unresponsive on cross-examination when asked questions similar to those he had answered concisely on direct examination, and (2) he lacked candor by failing to testify to details provided in his written application. Although we defer to an IJ's assessment of demeanor, *see Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005), these findings are not supported by the record.

The IJ found Jiang unresponsive when he could not remember the name on the false passport a smuggler gave him to travel to the United States, but he testified consistently on direct and cross that he could not remember the full name. His inability to remember a fact does not amount to

4

unresponsiveness.  The IJ further cited Jiang's testimony regarding his stay at a hotel with his smuggler, but that testimony was confusing, not unresponsive, and thus did not support the IJ's conclusion that Jiang's testimony was memorized.  The IJ also found that Jiang's testimony regarding his beating and the food he ate in detention lacked detail when compared to his application and thus showed a lack of candor, but Jiang responded candidly to the questions his attorney asked and neither the IJ nor the Government's attorney asked him any questions about those aspects of his claim, much less asked for more details.  *See Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 & n.6 (2d Cir. 2003) ("[I]f the [DHS] or IJ has nagging doubts about an applicant's credibility due to the spareness of h[is] testimony . . . it would seem prudent for the [DHS] or IJ to pose questions aimed at eliciting inconsistent or inherently implausible statements."), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007). Accordingly, the agency's demeanor findings are not supported by the record, and we do not defer to them.

The only other basis for the adverse credibility

determination that the BIA affirmed was the IJ's finding that Jiang made inconsistent statements regarding how long he was detained.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007) ("[W]e may consider only those issues that formed the basis for that decision.").  That finding was erroneous because Jiang's statements were not inconsistent: he stated in his application that he was detained for "over half a month," and he testified that he was detained for "more than 10 days." *See Gurung*, 929 F.3d at 61 ("Credibility should not be questioned based on trivial differences in word choices alone.").

We remand because the agency's adverse credibility determination is not supported by any error-free findings. *Id.* at 62.  The agency's remaining findings do not render remand futile: if, on remand, the agency concludes that Jiang stated a credible claim of past persecution, then he will be entitled to a rebuttable presumption of future persecution. *See* 8 C.F.R. § 1208.13(b)(1) (presumption of well-founded fear of persecution arising from past persecution is rebutted by fundamental change in circumstances or ability to safely relocate in country of nationality).

6

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7